# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELINE MCCRORY, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-cv-0069 |
| v. | (JUDGE CAPUTO) |
| GREAT WOLF RESORTS, INC., et al., | |
| Defendants. | |

### **MEMORANDUM ORDER**

Presently before the Court is the Complaint of Plaintiffs Angeline McCrory and her guardian, Karen McCrory.  (Doc. 1.)

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Plaintiff alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332.  Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states.  "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904).  Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan*

*Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* FED R. CIV. P. 12(h)(3) (a court must dismiss an action if it determines it lacks subject matter jurisdiction).

In this case, the Plaintiffs' Complaint fails to aver the requirements of federal subject matter jurisdiction. In viewing the Complaint, some facts have been alleged regarding the citizenship of the parties, but the facts alleged are insufficient. Section 1332(c)(1) requires that a corporation's citizenship be alleged by stating the company's state of incorporation and its principal place of business. Plaintiffs allege the state of incorporation and principal place of business of some, but not all, defendant corporations.

Furthermore, citizenship is insufficiently alleged as to the Plaintiffs. In the Complaint, Plaintiffs allege that each is a "resident" of New York. (Compl. ¶¶ 2, 4, Doc. 1.) ) It is well established that the term "citizenship" is not synonymous with "resident." *See Pa. House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991) (McClure, J.) ("Although a party's residence is *prima facie* evidence of domicile, residency alone is insufficient to establish jurisdiction on the basis of diversity: two elements are necessary to establish domicile, residency coupled with an intent to continue to remain at that location."). Therefore, diversity is insufficiently alleged as to both Plaintiffs.

Accordingly, the Court will dismiss without prejudice the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**NOW**, this   22nd   day of January, 2009, **IT IS HEREBY ORDERED THAT** Plaintiffs' Complaint (Doc. 1) is **DISMISSED without prejudice**. The Clerk of the Court shall mark this case **CLOSED.**

　　　　　　　　　　　　　　　　　　　　　 /s/ A. Richard Caputo　　　
　　　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　United States District Judge